IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GOERGE GUIDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 16-cv-00004-MJR |
| | ) | |
| **STEVEN M. MONDRY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff George Guider is currently incarcerated in the Pinckneyville Correctional Center. He brings this action under 42 U.S.C. § 1983 for the allegedly unconstitutional conduct of his attorney.

This matter is now before the Court for a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's complaint fails to state a claim upon which relief can be granted. The complaint merely states that in March 2011, when Plaintiff was in the custody of the Cook County Department of Corrections, his attorney lied to him. It provides no additional information. Such bare-bones pleadings fail to provide enough factual content to allow a court to find that a defendant is liable for a constitutional violation. It is true that Federal Rule of Civil Procedure 8 only requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2); however, a complaint cannot be so "short and plain" as to fail to provide sufficient notice of a litigant's claim. Therefore, the complaint is dismissed without prejudice.

Plaintiff does not indicate whether his lawyer was a private attorney or a court-appointed public defender. He should keep in mind that § 1983 provides a cause of action for violations of "the Constitution and laws" by persons acting "under color" of state law. 42 U.S.C. § 1983. The

Supreme Court has held that a public defender does not act under color of state law in merely representing an indigent defendant. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff should also note that should he pursue this claim in the future, venue is likely not proper in the Southern District of Illinois. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Based on the limited amount of facts Plaintiff included in his complaint, it would appear venue is likely proper in the Northern District of Illinois.

## Disposition

**IT IS HEREBY ORDERED** that his action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that his dismissal shall count as one of his three allotted "strikes" under the provisions of 28 US.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**

**DATED: January 27, 2016**

s/ MICHAEL J. REAGAN
**Michael J. Reagan**
**Chief United States District Judge**